UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZEEV SAGI,

    Plaintiff,

v.

                                           Civil Case No. 16-10347
                                           Honorable Linda V. Parker

FREDRICK K. KUBIK,

    Defendant.
_____/

**OPINION AND ORDER DENYING "DEFENDANT'S MOTION TO DISMISS, FOR SUMMARY JUDGMENT AND/OR FOR ABSTENTION"**

In this lawsuit, Plaintiff Zeev Sagi ("Sagi") is suing Defendant Fredrick K. Kubik ("Kubik") to recover money Sagi paid Kubik "to be utilized as credits against indebtedness on … real property transactions." (Compl. ¶ 4, ECF No. 1.) Those real estate transactions were not between Sagi and Kubik individually. Instead, they were between "Sagi's business entities" and Kubik's trust. (*Id.* ¶ 3.) Contending that Sagi's business entities are the real parties in interest in this litigation and that they are necessary and indispensable parties who cannot be joined without defeating the Court's jurisdiction, Kubik moves for dismissal of the action pursuant to Federal Rule of Civil Procedure 19.[1] (Mot., ECF No. 5.)

---

[1] In his brief in support of his motion, Kubik states that Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) or 56. (Br. in Supp. of Mot. at 9, ECF No. 5 at Pg ID 86.) Sagi responds, arguing that the motion

Alternatively, Kubik argues that "this Court should abstain from exercising jurisdiction in deference to contemporaneous state-court proceedings involving the exact same facts and circumstances." (*Id*. at Pg ID 84.)

## Factual and Procedural Background

Sagi is a citizen of California. (Compl. ¶ 1, ECF No. 1.) Kubik asserts, and Sagi does not dispute, that Sagi is the sole member of several Michigan limited liability companies: ASAF, LLC; The Home Apartments, LLC ("Home Apartments"); and Matan Real Estate, LLC ("Matan") (collectively "LLCs"). Kubik is a citizen of Michigan. (Compl. ¶ 2, ECF No. 1.) He is the settlor and principal member of the Frederick L. Kubik Revocable Trust ("Trust").

The LLCs entered into land contracts to purchase apartment buildings from the Trust. (Mot., ECF No. 5, Exs. 2-4.) Alleging non-payment and other breaches of the contracts, the Trust filed separate forfeiture actions against each of the LLCs in Michigan state courts. (*Id*. Exs. 5-7.) According to Kubik, in each of the forfeiture actions, ASAF, Home Apartments, or Matan argued that it made the payments required under the applicable land contract. As proof, each LLC offered

---

should be denied because it does not qualify for relief under either rule. Sagi is correct that neither Rule 12 nor Rule 56 is the proper source for the relief Kubik seeks. Nevertheless, Kubik does indicate in his motion that his request for dismissal based on failure to join Sagi's entities is brought under Rule 19 and that his request for abstention is premised on Supreme Court precedent. Kubik's (or rather his counsel's) error in believing that a citation to Rule 12 or 56 also is necessary to seek dismissal of the Complaint is not grounds for denying the motion, and is a frivolous argument.

the documents attached as Exhibit A to Sagi's current Complaint. (Compl., Ex. A, ECF No. 1; *see also* Resp., Ex. E, ECF No. 7-6.) The documents include checks written by Sagi to Kubik, totaling $103,000. (*Id*.) After a hearing in the actions against Matan and ASAF and a bench trial in the case against Home Apartments, Michigan state court judges entered judgments of possession after land contract forfeiture against each of the LLCs. (Mot., Exs. 5-7.)

Sagi filed the instant lawsuit seeking to recover the $103,000 he paid to Kubik. In his Complaint, Sagi alleges that Kubik improperly converted this money for purposes other than making payments on the land contracts. (*See* Compl. ¶ 17, ECF No. 1.) Sagi further alleges that Kubik's handling of the money constituted a breach of contract and/or unjust enrichment. (*Id*. ¶¶ 19-28.)

## Applicable Law and Analysis

### Joinder

Rule 19 establishes a three-step process for a court to decide whether an absent party must be joined in the litigation. Fed. R. Civ. P. 19. First, the court must determine whether the absent party is a necessary party under Rule 19(a). If it is, the court next must decide whether joinder is feasible, or if a lack of subject matter or personal jurisdiction makes joinder impossible. *Glancy v. Taubman Ctrs, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). Third, if joinder is not feasible, the court must consider the factors listed in Rule 19(b) to decide whether, " 'in equity and

good conscience,' " the matter should be dismissed because the absent party "is indispensable." *Id.* (quoting Fed. R. Civ. P. 19(b)).

Rule 19(a) provides that a person or entity is a necessary party, and where feasible must be joined, if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). To show that the LLCs are necessary parties, Kubik states: "while [Sagi] may have ownership interests in [the LLCs], he does not have any ownership interests in each of their properties, which are at interest in this suit." (Br. in Supp. of Mot at 6, ECF No. 5 at Pg ID 83.) The payments totaling $103,000, rather than the real estate properties, are the focus of this litigation, however. Nevertheless, because one of the issues to be decided will be whether the payments were made for and applied to the LLCs' land contracts, the Court will assume for purposes of deciding this motion that the LLCs do have "an interest relating to the subject of the action" and are "so situated that disposing of

4

the action in [their] absence may … impair or impede [their] ability to protect the interest." In other words, that they are necessary parties. Thus, the Court moves to the second step and asks whether the LLCs can feasibly be joined.

Contending that the LLCs "are incorporated in the State of Michigan[,]" Kubik argues that they cannot be feasibly joined without destroying the Court's diversity jurisdiction, as Kubik is a Michigan citizen as well. (Br. in Supp. of Mot. at 12, ECF No. 5 at Pg ID 79.) A corporation is a citizen of any State in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability corporation is assessed differently, however. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). "[A]n LLC 'has the citizenship of each of its members.' " *Id*. (quoting *Delay*, 585 F.3d at 1005).

As such, the LLCs share the California citizenship of Sagi, their only purported member. Therefore, their joinder is feasible. But even if the LLCs were Michigan citizens, the Court would find that they are not indispensable parties under Rule 19(b).

As stated above, where joinder of a necessary party is not feasible, Rule 19(b) instructs courts to "determine whether, in equity and good conscience, the action should proceed among the existing parties or … be dismissed." Fed. R. Civ.

P. 19(b).  The rule identifies four factors a court should consider in making this determination:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  The only factor Kubik attempts to address is the first factor, when he asks: "If [Sagi] is able to litigate this case in the absence of Matan, ASAF and The Home Apartments, what would stop each of those entities from filing subsequent lawsuits in federal court?"  (Br. in Supp. of Mot. at 6, ECF No. 5 at Pg ID 83.)  The answer to this rhetorical question and whether the action should proceed without the LLCs is found in the Sixth Circuit's decision in *Hooper v. Wolfe*, 396 F.3d 744 (2005).

Relying on decisions of three other circuit courts, the *Hooper* court concluded that a limited partnership entity is dispensable where its members

already are parties to the action and there is no evidence that the members' interests are antagonistic to the partnership or that they will not adequately represent the interests of the partnership as an entity. *Id*. at 749-50. The court relied on the following reasoning from the Third Circuit:

> Even though the Partnership has its own interests, it is an artificial entity: its interests must ultimately derive from the interests of the human beings that are its members (albeit through the medium of other partnerships and corporations). … Following Rule 19's pragmatic approach, we are guided by common sense. A partnership's interests as an entity consist of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership. Thus, at least in certain cases, it is possible that a partnership's interests can be effectively represented in litigation by participation of its partners.

*Hooper*, 396 F.3d at 749-50 (quoting *HB Gen. Corp. v. Manchester Partners, LP*, 95 F.3d 1185, 1193 (3d Cir. 1996)). The *Hooper* court further reasoned:

> Here, the general partner, PPM, Inc., the only party authorized to act on behalf of the partnership; its human master, Mr. Wolfe; and the antagonistic limited partner, Mr. Hooper, are before the court and may be bound by a judgment. "The Partnership, like a marionette, cannot make a move unless some human being pulls the strings."

396 F.3d at 750 (quoting *HB Gen. Corp.*, 95 F.3d at 1191). As this suggests, the only potential prejudice Kubik identifies resulting from the LLCs' absence (that is, subsequent litigation initiated by the LLCs against Kubik) can be avoided by the

7

Court fashioning a judgment enjoining their only member, Sagi, from bringing such claims.

In short, the failure to join the LLCs as parties to this litigation is not a basis for dismissal of Sagi's Complaint pursuant to Rule 19.

## Abstention

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). The exception is found warranted "by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.' " *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quoting *Colorado River*, 424 U.S. at 817). Otherwise, as the Supreme Court repeatedly has advised, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id.* (citing *Colorado River*, 424 U.S. at 821; *England v. Louisiana Bd. of Medical Examiners*, 375 U.S. 411, 415 (1964) (quoting *Willcox v. Consolidated Gas Co.*, 212 U.S. 19, 40 (1909)); *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821)).

In *Quackenbush*, the Supreme Court summarized the types of cases where it has found abstention appropriate:

> [F]ederal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding … or with certain types of state civil proceedings …; cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law …; cases raising issues "intimately involved with the States' sovereign prerogative," the proper adjudication of which might be impaired by unsettled questions of state law …; cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes …; and cases which are duplicative of a pending state proceeding ….

517 U.S. at 716-17 (internal brackets and citations omitted). Kubik relies upon the last category (*see* Br. in Supp. of Mot at 8, ECF No. Pg ID 85), which is commonly known as *Colorado River* abstention. There is no pending state-court action, however. As such, the doctrine is inapplicable. *See Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 329 (6th Cir. 1998) ("Where … there is no presently ongoing state proceeding parallel to the federal case, the exceptional circumstances necessary for *Colorado River* abstention do not exist."); *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 394-95 (6th Cir. 2006) (finding that the district court erred in abstaining, because, "[w]hen the district court abstained, the related state court action between these parties had already concluded, so there was no pending state court proceeding to which the district court could defer"). Moreover, dismissal would not be the appropriate remedy even if there was a pending parallel state court action.

9

In *Quackenbush*, the Supreme Court addressed "whether the principles underlying [its] abstention cases would support the remand or dismissal of a common-law action for damages." *Id*. at 719. The Court concluded that abstention is not strictly limited to "equitable cases." *Id*. at 730. Nevertheless, the Court held that "[u]nder [its] precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only* where the relief being sought is equitable or otherwise discretionary." *Id*. at 731 (emphasis added). In a damages action, if a court determines that abstention is appropriate, the only option available is to postpone adjudication of the action pending the resolution of a parallel state court action. *Id*. at 730-31. Because the present action is a damages action, dismissal is not warranted even if the Court were to find the abstention doctrine applicable.[2]

## Conclusion

In short, the LLCs are citizens of California, not Michigan. Thus, even if they are necessary parties to this action, their joinder would not destroy subject matter jurisdiction and therefore is feasible. As such, dismissal under Rule 19 for failure to join the LLCs as parties is not appropriate.

The present action does not fall within any of the narrow exceptions where the Supreme Court has found abstention appropriate. But even if the Court found

---

[2] Because there is no parallel state court action pending, a stay of the proceedings also is not warranted.

the doctrine of abstention applicable in this damages action, the appropriate remedy is not to dismiss the case.

Accordingly,

**IT IS ORDERED** that Defendant Fredrick K. Kubick's Motion to Dismiss (ECF No. 4.) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager

11